No. 22-70006

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

BRENT RAY BREWER,

*Petitioner – Appellant*,

v.

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

*Respondent – Appellee*

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
USDC NO. 2:15-CV-50**

**APPELLANT'S PETITION FOR PANEL REHEARING**

Peter J. Walker
Assistant Federal Defender
Federal Community Defender Office
 for the Eastern District of Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
(215) 928-0520
peter_walker@fd.org

Counsel for Petitioner-Appellant

**CAPITAL CASE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

ARGUMENT IN SUPPORT OF REHEARING ...................................................1

    A. The Court Overlooked the Fact that the State Habeas Court Found that Trial Counsel Performed Deficiently in Failing to Object to the Admission of Dr. Coons's Testimony............................................................2

    B. The Court Overlooked the State Habeas Court's Legal Errors in Its Evaluation of *Strickland* Prejudice Stemming from Trial Counsel's Failure to Object to the Admission of Dr. Richard Coons's Testimony........5

    C. The Court Misapprehended the Facts and Law Relevant to Evaluating the Prejudice Stemming from Trial Counsel's Failure to Object to Dr. Coons's Testimony......................................................................................8

CONCLUSION ..........................................................................................8

# TABLE OF AUTHORITIES

**Federal Cases**

*Brewer v. Lumpkin, No. 22-70006*,
 2023 WL 3115757 (5th Cir. Apr. 27, 2023) ........................................ 1, 2, 3, 5, 6

*Buck v. Davis*,
 580 U.S. 100 (2017) ........................................................................... 8

*Strickland v. Washington*,
 466 U.S. 668 (1984) ......................................................................... 2, 6, 7

**State Cases**

*Coble v. State*,
 330 S.W.3d 253 (Tex. Crim. App. 2010) ......................................... 5, 7

*Ex Parte Brewer, No. WR-46*,
 2014 WL 5388114 (Tex. Ct. Crim. App. Sept. 17, 2014) .................. 3

*Ex parte Ramey*,
 382 S.W.3d 396 (Tex. Crim. App. 2012) .......................................... 5

*Gobert v. State, No. AP-76*,
 2011 WL 5881601 (Tex. Ct. Crim. App. Nov. 23, 2011) ................. 4-5

**Rules**

Fed. R. App. P. 32 ............................................................................ 11

Fed. R. App. P. 40 ............................................................................ 1, 11

Appellant, Brent Brewer, seeks panel rehearing from this Court's April 27, 2023, opinion (Jones, J., with Oldham, J. and Wilson, J., joining) affirming the denial of habeas corpus relief. *Brewer v. Lumpkin*, No. 22-70006, 2023 WL 3115757 (5th Cir. Apr. 27, 2023). A petition for rehearing is appropriate to "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended . . ." Fed. R. App. P. 40(a)(2). This Court should grant rehearing because it overlooked or misapprehended the following points of law and fact:

1. The Court overlooked the fact that the state habeas court found that trial counsel performed deficiently in failing to object to the admission of Dr. Richard Coons's testimony.

2. The Court overlooked the state habeas court's legal errors in its evaluation of *Strickland* prejudice stemming from trial counsel's failure to object to the admission of Dr. Richard Coons's testimony.

3. The Court misapprehended the facts and law relevant to evaluating the prejudice stemming from trial counsel's failure to object to Dr. Coons's testimony.

## ARGUMENT IN SUPPORT OF REHEARING

## I.    COA SHOULD BE GRANTED AS TO WHETHER TRIAL COUNSEL'S FAILURE TO EFFECTIVELY CHALLENGE UNRELIABLE EXPERT TESTIMONY ON FUTURE DANGEROUSNESS VIOLATED MR. BREWER'S CONSTITUTIONAL RIGHTS.

In Claim I, Mr. Brewer seeks a COA regarding whether trial counsel was ineffective for failing to challenge the unreliable and speculative expert testimony

of Dr. Richard Coons regarding Petitioner's future dangerousness. In its opinion denying a COA, the Court overlooked and misapprehended the following points of law and fact that relate to trial counsel's failure to properly object to exclude Dr. Coons's unreliable testimony from Mr. Brewer's resentencing and preserve a challenge to this testimony for appellate review.

### A. The Court Overlooked the Fact that the State Habeas Court Found that Trial Counsel Performed Deficiently in Failing to Object to the Admission of Dr. Coons's Testimony.

The Court found that the "district court held that the state court reasonably concluded that counsel's 2009 trial strategy as to Dr. Coons was reasonable under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]" and "[n]o reasonable jurist could find the district court's assessment debatable or wrong." *Brewer*, 2023 WL 3115757, at *5. This conclusion overlooks the fact that the state court actually found that trial counsel *was* deficient for failing to preserve the trial court's error in admitting Dr. Coons' testimony for appellate review. ROA.4489.

The state habeas court found:

> *Most* of trial counsels' decisions and actions in Claim One (A) were based on reasonable and plausible trial strategy in light of all the circumstances. *Although trial counsel Odiorne failed to preserve error in regards to the admission of Dr. Coons' testimony*, his actions did not prejudice the outcome of the re-sentencing trial.

*Id.* (emphasis added). The state habeas court made the following factual findings related to this deficient performance:

> The Court finds, pursuant to the November 23, 2011, unpublished opinion of the Court of Criminal Appeals, trial counsel Odiorne failed to lodge a timely and specific objection regarding the admission of Dr. Coons' testimony about future dangerousness at the re-sentencing trial. Thus, this issue was not preserved for appellate review.

ROA.4422. The Texas Court of Criminal Appeals (TCCA) did not question these findings of fact and conclusions of law in its postcard adoption of the state habeas court's opinion, even though it exception with two unrelated paragraphs of the 82-page opinion. *See Ex Parte Brewer*, No. WR-46,587-02, 2014 WL 5388114, at *1 (Tex. Ct. Crim. App. Sept. 17, 2014). And one judge on the TCCA would have even granted the writ. *Id.* (Johnson, J., would grant).

Thus, the record is clear that the state habeas court found that trial counsel was deficient for failing to object to the trial court's error in admitting Dr. Coon's testimony. However, here the district court held, as this Court noted, "that the state court reasonably concluded that counsel's 2009 trial strategy as to Dr. Coons was reasonable under *Strickland*." *Brewer*, 2023 WL 3115757, at *5. In fact, the state court found that *most* of trial counsel's strategy was reasonable, but not his failure to object to the admission of Dr. Coons's testimony.

The district court's conclusion is certainly debatable because it is the opposite of what the state courts held. Even "the State concedes that under the *Coble* decision (if appropriate objections had been made at trial) the trial judge would have abused his discretion in the instant case by admitting Dr. Coons'

3

testimony at the new sentencing trial." Brief for the State of Texas, *Brewer v. Texas*, No. AP-76,378, 2011 WL 5295103, at *62-63 (Tex. Ct. Crim. App. Sept. 12, 2011). Thus, the state courts' own findings and the State's own arguments (as well as the fact that one state judge would have granted Mr. Brewer's habeas writ) establish that reasonable jurists could debate whether counsel was deficient for failing to object to the introduction of Dr. Coons's testimony. The existence of this reasonable debate is all that is required for a COA.

Similarly, this Court stated, "Reasonable jurists could not debate the district court's conclusion that the state courts did not act unreasonably in holding that trial counsel were not ineffective for failing to make what at that time would have been a futile objection to the introduction of Dr. Coons's testimony." *Id.* at *4. The Court's characterization of trial counsel's failure to object as "a futile objection" "at that time," *id.*, overlooks the fact that it would not have been futile for three reasons. First, as noted above, the state habeas court found that counsel was indeed deficient for failing to lodge this objection. Second, as also noted above, the State itself has conceded that the trial judge abused its discretion in admitting Dr. Coons's testimony at Mr. Brewer's resentencing in light of *Coble*. Third, the Texas Court of Criminal Appeals has assigned *Coble* error to trial courts for failing to sustain objections against Dr. Coons's unreliable expert testimony in trials occurring *before* the *Coble* decision. *See, e.g.*, *Gobert v. State*, No. AP-76,345,

2011 WL 5881601, at *6-7, *15 (Tex. Ct. Crim. App. Nov. 23, 2011). This is

because Texas state law is clear that *Coble* did not state new rule of law, but rather

just applied state evidentiary law. *See Coble v. State*, 330 S.W.3d 253, 272-77

(Tex. Crim. App. 2010); *Ex parte Ramey*, 382 S.W.3d 396, 397 (Tex. Crim. App.

2012) (*Coble*'s "holding was based upon a rule of evidence").

This Court's finding otherwise overlooks the state court's findings and the

record in this case. A COA is warranted because Mr. Brewer has "'demonstrate[d]

that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.'" *Brewer*, 2023 WL 3115757, at *2

(quoting *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)).

**B.    The Court Overlooked the State Habeas Court's Legal Errors in Its Evaluation of *Strickland* Prejudice Stemming from Trial Counsel's Failure to Object to the Admission of Dr. Richard Coons's Testimony.**

Because the state courts found that trial counsel was deficient in failing to

preserve a challenge to the admissibility of Dr. Coons' testimony for appellate

review, the district court below should have deferred to this finding. This should

have left only the state habeas court's finding of no prejudice under *Strickland* for

the district court's review under AEDPA's strict standards. This Court noted that

the district court "found the state court's rejection of prejudice to be reasonable

under *Strickland*, especially considering the jury's opportunity to assess Brewer's

5

credibility in light of the eyewitness description of the crime's brutality." *Brewer*, 2023 WL 3115757, at *5.

This finding overlooks that the state court did not even apply the proper prejudice standard from *Strickland*. The proper prejudice standard under *Strickland* is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693. The state habeas court never once mentioned this prejudice standard; instead, it erred in two ways.

First, the state habeas court applies an outcome-determinative standard, directly contrary to *Strickland*, stating that it was "determining whether the result of the re-sentencing trial *would have been different* if trial counsel had successfully prevented Dr. Coons from testifying at the re-sentencing trial," ROA.4488 (emphasis added), and concluding, "[a]lthough trial counsel Odiorne failed to preserve error in regards to the admission of Dr. Coons' testimony, his actions did not prejudice *the outcome* of the re-sentencing trial," ROA.4489 (emphasis added). Although the state habeas court made a boilerplate reference to the "two-prong test enunciated in *Strickland*," ROA.4487, the court never once articulated the proper standard of *Strickland* prejudice when rejecting this claim. ROA.4487-89. The

6

state habeas court further erred by relying on state law rather than federal law when evaluating prejudice:

> In determining whether the result of the re-sentencing trial would have been different if trial counsel had successfully prevented Dr. Coons from testifying at the re-sentencing trial and/or had more effectively challenged Dr. Coons' testimony at the re-sentencing trial, it is helpful to review the five factors relied upon in the *Coble* [*v. State*, 330 S.W.3d 253 [2010] case.

ROA.4488. Even if these state law factors are helpful in some way, they are not the prejudice standard from *Strickland*. *Coble* never once cites *Strickland*. To establish prejudice under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. The state courts simply never evaluated trial counsel's deficient performance under this standard. For this reason, the state court opinion is due no deference under AEDPA.

This Court's April 27, 2023, opinion overlooks that the state habeas court misapplied of *Strickland* in these ways, which entitles Mr. Brewer to *de novo* review of whether he was prejudiced by trial counsel's failure to exclude Dr. Coons' testimony from the resentencing trial. At the very minimum, reasonable jurists could debate these issues, so a COA is warranted.

### C. The Court Misapprehended the Facts and Law Relevant to Evaluating the Prejudice Stemming from Trial Counsel's Failure to Object to Dr. Coons's Testimony.

Furthermore, this Court's finding that the "jury's opportunity to assess Brewer's credibility in light of the eyewitness description of the crime's brutality" is enough to render Dr. Coons's testimony harmless is an unreasonable determination of the facts presented in state court, as it entirely overlooks the compelling nature of Dr. Coons's testimony. Dr. Coons, a charlatan with the imprimatur of a medical expert, declared that Mr. Brewer lacked a "conscience,", that violence "doesn't seem to bother him," ROA.16857, and that Mr. Brewer would probably commit criminal acts of violence in the future, ROA.16857-58, a prediction that has proven entirely false in the years since. The Supreme Court has explicitly recognized the likelihood of prejudice from such improper expert testimony regarding future dangerousness. *Buck v. Davis*, 580 U.S. 100 (2017). Given this, it is a least debatable among jurists of reason whether Dr. Coons's unconstitutional expert testimony on future dangerousness had a substantial and injurious effect on the jury's verdict, and a COA should issue.

### CONCLUSION

Wherefore, for the foregoing reasons, Petitioner respectfully asks this Court to grant panel rehearing, vacate the April 27, 2023, opinion, and reconsider its decision in light of the issues raised in this Petition.

Respectfully submitted,

/s/ Peter Walker
Peter Walker
Assistant Federal Defender
Federal Community Defender Office
 for the Eastern District of Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
(215) 928-0520

*Counsel for Brent Ray Brewer,*
*Petitioner-Appellant*

Dated: May 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing to be served on the

following people by ECF filing:

Katherine D. Hayes
Kyle Highful
Assistant Attorneys General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas 78711-2548

/s/ Peter Walker
Peter Walker

Dated: May 11, 2023

## CERTIFICATE OF COMPLIANCE WITH
## TYPE-VOLUME LIMIT

This document complies with the type-volume limit of Fed. R. App. P. 40(b) because, excluding the parts of the document exempted from Fed. R. App. P. 32(f), this document contains 1923 words.

This motion complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.


/s/ Peter Walker
Peter Walker

Dated: May 11, 2023

# ATTACHMENT

# United States Court of Appeals for the Fifth Circuit

---

No. 22-70006

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2023

Lyle W. Cayce
Clerk

BRENT RAY BREWER,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-50

---

Before JONES, OLDHAM, and WILSON, *Circuit Judges*.

EDITH H. JONES, *Circuit Judge*:

Brent Ray Brewer was convicted of capital murder and sentenced to death by a Texas court in 1991. The United States Supreme Court ordered Brewer resentenced in 2007. After he was sentenced to death a second time, Brewer exhausted his state remedies and then petitioned for federal habeas relief. The district court denied his petition and did not certify any questions for appellate review. Brewer now seeks a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(2). For the following reasons, we DENY his application for a COA.

No. 22-70006

## I. Background

On April 26, 1990, then 19-year-old Brent Brewer and his girlfriend, Kristie Nystrom, approached Robert Laminack outside his flooring store in Amarillo, Texas and asked for a ride to the Salvation Army. Laminack invited the young couple to get in his truck; Nystrom took the front seat, and Brewer sat in the back. While en route, Brewer grabbed Laminack and began to stab him in the neck with a butterfly knife. Laminack begged for his life while obeying Brewer's demand to hand over his keys and wallet. He was wounded in the carotid artery and jugular vein. After losing consciousness, he bled to death.

In 1991, Brewer was convicted of capital murder and sentenced to death. A multi-year saga of direct and collateral challenges to his conviction and sentence ended in 2007 when the United States Supreme Court, ruling on the adequacy of jury instructions for the sentencing phase, ordered that Brewer be resentenced. *See Brewer v. Quarterman*, 550 U.S. 286, 127 S. Ct. 1706 (2007).

In a 2009 retrial of the sentencing, the state presented many of the same witnesses and evidence as it had at Brewer's first capital murder trial. These included: Robert Laminack's widow and daughter; numerous crime scene photographs; blood spatter testimony and other physical evidence, such as Brewer's bloody fingerprint on the butterfly knife found at the crime scene; testimony that Brewer "smirked and giggled" when describing to a witness how Laminack begged for his life; testimony that Brewer told a former cellmate that Laminack pleaded "please don't kill me, Boy" as Brewer stabbed him; and a photograph of Brewer "shooting the finger" while exiting the courthouse around the time of his arraignment for Laminack's murder. Dr. Richard Coons, a forensic psychiatrist, testified that there was

a probability that Brewer would commit criminal acts of violence in the future, as he had opined before at Brewer's 1991 trial.

Unlike in 1991, Kristie Nystrom, Brewer's former girlfriend and accomplice in the murder of Robert Laminack, agreed to testify in order to obtain a favorable parole consideration. Nystrom gave a chilling firsthand account of the killing, which contained details the 1991 jury did not hear, such as that Brewer began to stab Laminack *before* asking for his wallet or truck keys.

The defense presented testimony from Brewer's mother and sister, who described Brewer's childhood and teenage years, and numerous correctional officers, who testified that Brewer had been an exemplary inmate for nearly two decades both on and off death row. The defense also used Dr. John Edens, a forensic psychologist, to attack Dr. Coons's methodology as having no basis in legitimate science. Finally, in order to counter the state's aggravating evidence and show Brewer's remorse, the defense put Brewer on the stand. He described his childhood, his former relationship with Kristie Nystrom, and the murder of Robert Laminack. He said he was sorry for what he had done to Laminack and his family.

A unanimous jury again found beyond a reasonable doubt that there was a probability that Brewer would commit criminal acts of violence that would constitute a continuing threat to society. The jury also found that the mitigating evidence presented by defense counsel was insufficient to merit a life sentence. The trial court resentenced Brewer to death.

The Texas Court of Criminal Appeals ("TCCA") affirmed Brewer's sentence. *See Brewer v. State*, 2011 WL 5881612 (Tex. Crim. App. Nov. 23, 2011). Brewer then sought state habeas corpus review. The state trial court held an evidentiary hearing and received testimony from Dr. Coons and Brewer's two 2009 trial counsel: Anthony Odiorne and Edward Keith, Jr.

The court entered findings of fact, conclusions of law, and a recommendation that the TCCA deny habeas relief. The TCCA adopted that recommendation in large part and denied relief.[1] *See Ex parte Brewer*, 2014 WL 5388114 (Tex. Crim. App. Sept. 17, 2014).

In March 2020, nearly thirty years after he murdered Robert Laminack, Brewer filed his second amended petition for a writ of habeas corpus in federal district court, asserting fourteen claims for relief.[2] The district court adopted and supplemented the magistrate judge's extensive findings, conclusions, and recommendations, denied all claims for relief, and declined to grant Brewer's request for a COA. Brewer renews his application for a COA in this court.

## II. Standard for Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state court prisoner must obtain a COA before appealing a federal district court's denial of habeas relief. 28 U.S.C. § 2253(c)(1)(A). This is warranted upon a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In *Miller-El v. Cockrell*, the Supreme Court clarified: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 537 U.S. 322, 338, 123 S. Ct. 1029, 1040 (2003). As held by the Supreme Court, the grant or denial of a COA turns not on the

---

[1] The TCCA did not adopt two paragraphs of legal conclusions pertaining to a disputed autopsy report, which is not at issue in this petition.

[2] In 2018, Brewer filed a petition for habeas relief in federal district court and moved to hold his case in abeyance while he returned to state court to exhaust state habeas remedies on new claims. *Brewer v. Davis*, 2018 WL 4585357 (N.D. Tex. Sept. 25, 2018). The district court granted the motion, and the TCCA subsequently dismissed Brewer's new claims under state writ-abuse principles without considering the merits. *Ex parte Brewer*, 2019 WL 5420444 (Tex. Crim. App. Oct. 23, 2019).

ultimate merits of a petitioner's claims but on whether "a threshold inquiry into [their] underlying merit" finds the claims "debatable." *Id.* at 327, 336, 123 S. Ct. at 1034, 1039; *see also Buck v. Davis*, 580 U.S. 100, 114–16, 137 S. Ct. 759, 773–74 (2017). Accordingly, this court has made a "general assessment" of Brewer's claims. *Miller-El*, 537 U.S. at 336, 123 S. Ct. at 1039.

And in doing so, this court nevertheless "must be mindful of the deferential standard of review the district court applied to [the habeas petition] as required by . . . AEDPA." *Williams v. Stephens*, 761 F.3d 561, 566 (5th Cir. 2014) (quoting *Miniel v. Cockrell*, 339 F.3d 331, 336 (5th Cir. 2003)) (alteration in original). That standard requires that state-court decisions "be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010). To prevail, the petitioner must prove that the adjudication by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, a "state prisoner must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 786–87 (2011). Further, "the federal court may review the claim based solely on the state-court record." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022). "The petitioner carries the burden of proof" to overcome this standard, known as "AEDPA deference," which is "difficult to meet" by design. *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398 (2011).

## III. Discussion

Brewer raises three ineffective assistance of trial counsel claims in this court: *first*, that his 2009 counsel failed to properly challenge the state expert's testimony on future dangerousness; *second*, that counsel neglected to develop and present a mitigation defense; and *third*, that counsel did not adequately investigate and rebut the state's evidence of his prior bad acts.

To establish that he was denied constitutionally effective assistance of counsel, Brewer must demonstrate that "(1) counsel's representation fell below an objective standard of reasonableness and . . . (2) there is a reasonable probability that prejudice resulted." *Druery v. Thaler*, 647 F.3d 535, 538 (5th Cir. 2011) (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984)). "Both of these prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams*, 761 F.3d at 566–67 (citing *Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65). For the first prong, Brewer "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (internal quotation mark omitted). To show prejudice, Brewer "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. This "requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, 563 U.S. at 189, 131 S. Ct. at 1403 (quoting *Richter*, 562 U.S. at 112, 131 S. Ct. at 791).

A federal court's review of a state court's adjudication on the merits of an ineffective assistance of counsel claim is "doubly deferential" because we "take a highly deferential look at counsel's performance [under

No. 22-70006

*Strickland*] through the deferential lens of § 2254(d)." *Id.* at 190, 131 S. Ct. at 1403 (internal quotation marks omitted).

A. Expert Testimony on Future Dangerousness

Brewer argues that his 2009 trial counsel were ineffective for failing to timely object to the expert testimony by Dr. Coons that he constituted a future threat to society. Brewer contends that because the TCCA later held Dr. Coons's testimony inadmissible in *Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010), it likely would have done the same in this case had a timely objection been made.

The state habeas court found that although counsel failed to preserve an objection to Dr. Coons's testimony for appellate review, counsel reasonably strategized to prevent Dr. Coons from testifying by attacking his methodology at an evidentiary hearing.[3] The court found further that counsel's performance must be "measured against the law in effect at the time of trial," and *Coble* was decided the year *after* Brewer's 2009 retrial. By 2009, Dr. Coons had testified in at least sixteen Texas judicial proceedings on the special issue of future dangerousness, including Brewer's 1991 trial. *Coble* marked the first time that Dr. Coons's testimony had been deemed inadmissible.[4]

---

[3] During the voir dire, Brewer's counsel elicited admissions from Dr. Coons that he has a "different definition of criminal act of violence than other people in this field," that he has never performed "any follow-up . . . to determine whether or not [the] predictions were accurate," and that he had not interviewed Brewer in this particular case.

[4] In fact, *Coble*'s counsel were ultimately unsuccessful, because the TCCA held the admission of Dr. Coons's testimony there was harmless error. As an aside, the district court stated that the TCCA's "primary reason" in *Coble* for holding Dr. Coons's testimony inadmissible "was because Dr. Coons had not evaluated the defendant for 18 years before he testified." (citing *Coble*, 330 S.W.3d at 279–80). More completely considered, the TCCA found a number of additional significant deficiencies in Dr. Coons's

Thus, the district court concluded that Brewer's counsel cannot be faulted for lacking the "clairvoyance" "to follow the same strategy that had proved unsuccessful during Coble's . . . retrial." Of course, "[c]lairvoyance is not a required attribute of effective representation." *United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009). Reasonable jurists could not debate the district court's conclusion that the state courts did not act unreasonably in holding that trial counsel were not ineffective for failing to make what at that time would have been a futile objection to the introduction of Dr. Coons's testimony.

Brewer also alleges that his counsel were ineffective for failing to rebut Dr. Coons's testimony with an alternative expert opinion on his future dangerousness. Specifically, Brewer argues that counsel should have enlisted Dr. Mark Cunningham, who had previously examined Brewer, or Dr. John Edens, the defense's forensic psychologist, to evaluate Brewer afresh.

The state habeas court found that Brewer's counsel executed a "reasonable and plausible" strategy to counter Dr. Coons's testimony: Trial counsel would "attack Dr. Coons's testimony and methodology on cross-examination," and Dr. Edens would "rebut Dr. Coons's testimony on direct examination." The court articulated several reasons supporting counsel's decision to forego an independent expert evaluation of Brewer. These included: (1) the state would then have been entitled to have its own expert examine Brewer; (2) the state would likely have attacked the defense expert's evaluation, "which would reflect poorly on [Brewer] and distract from the defense's attack on Dr. Coons"; and (3) the jury may have viewed "the

---

testimony, such as Dr. Coons's failure to cite any "books, articles, journals, or even other forensic psychiatrists who practice in this area," and the dearth of any "objective source material in [the] record to substantiate Dr. Coons's methodology." *Coble*, 330 S.W.3d at 277.

defense expert in the same light as Dr. Coons" or "become lost in the science." Ultimately, Brewer's counsel opted to focus the jury's attention on the fact that Brewer had not engaged in any violent criminal activity during his 18 years of incarceration on death row as the "best evidence" that Brewer "was not a future danger."

Finally, the state habeas court held that even if counsel's strategy to challenge Dr. Coons's testimony was unsound, and despite any error in preserving an objection for appeal, Brewer has not shown that he was likely prejudiced as a result. Specifically, the court concluded that the brutal facts of the capital murder offense, in addition to several violent episodes from Brewer's adolescent and adult years, independently supported the jury's verdict on the future dangerousness special issue. Importantly, the 2009 trial jury heard eyewitness testimony from both Brewer and Nystrom, who provided detailed and consistent accounts of the gruesome murder—evidence not presented at the 1991 trial.

Additionally, the state court found that Dr. Coons's testimony was "not particularly powerful, certain, or strong" because, among other things, Dr. Coons admitted before the jury that he had no "statistical data" or "research to support his opinion" and that he rarely, if ever, followed up "to determine if his predictions were accurate." Moreover, Dr. Edens "effectively rebutted and refuted" the methodological flaws underlying Dr. Coons's conclusions regarding "predictions of future dangerousness." Dr. Edens emphasized that the predictions are not borne out with any statistical significance in the behavior of death row inmates. He also recounted his voluminous scholarship on the subject, as juxtaposed against Dr. Coons's scant *curriculum vitae*. Thus, the court concluded that neither the absence of Dr. Coons's testimony nor an independent expert evaluation submitted on Brewer's behalf would likely have changed the result.

Reviewing these findings and the magistrate judge's recommendation, which it adopted, the district court held that the state court reasonably concluded that counsel's 2009 trial strategy as to Dr. Coons was reasonable under *Strickland*. The district court alternatively found the state court's rejection of prejudice to be reasonable under *Strickland*, especially considering the jury's opportunity to assess Brewer's credibility in light of the eyewitness description of the crime's brutality. No reasonable jurist could find the district court's assessment debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

## B. Mitigating Evidence

Brewer's second ineffective assistance claim is based upon his counsel's alleged failure to investigate potentially mitigating evidence or prepare an effective mitigation defense. The Supreme Court has interpreted the Sixth Amendment to require defense counsel "to make reasonable investigations [into potential mitigating evidence] or to make a reasonable decision that makes particular investigations unnecessary." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066). Brewer argues that he likely would not have received the death penalty a second time if the jury had seen additional evidence of his troubled childhood coupled with the results of a mental health evaluation.

Specifically, Brewer asserts that an adequate investigation would have produced additional mitigating evidence of neglect by his mother during his infancy, traumatic incidents of sex play with a male friend and sexual abuse by a babysitter, and the "full extent" of his biological father's "violence and depravity." He alleges further that his counsel should have submitted a mental health evaluation, like that performed on him in 1996 by Dr. Cunningham, to show that Brewer suffered from mental illness.

Brewer bolsters this claim with a new declaration from 2009 trial counsel Odiorne, in which Odiorne states "that the defense team did no investigation of Mr. Brewer's mental health."

As an initial matter, neither Dr. Cunningham's 1996 mental health evaluation nor Odiorne's declaration were part of the state habeas record. Because this claim was adjudicated on the merits by the state court, this new evidence is barred from federal court consideration under *Cullen v. Pinholster*. 563 U.S. at 181, 131 S. Ct. at 1398. Further, the declaration is wholly inconsistent with Odiorne's testimony before the state habeas court, and, as such, is "viewed . . . with extreme suspicion." *Summers v. Dretke*, 431 F.3d 861, 872 (5th Cir. 2005) (collecting cases).

In rejecting Brewer's claim, the state habeas court found that his 2009 counsel properly investigated and presented strong mitigating evidence. With the assistance of in-house investigator Rob Cowie, counsel investigated and developed a mitigation defense by reviewing the 1991 trial transcript along with trial counsel's notes and by traveling to Mississippi to interview Brewer's mother and sister, both of whom testified.

The court found that the jury heard evidence of Brewer's troubled childhood. Specifically, counsel presented evidence that Brewer's biological father, Albert Brewer, was absent during Brewer's formative years. Brewer's step-father, whom his mother married when Brewer was four years old, "would repeatedly beat him with an extension cord or a belt," so Brewer "would often run away from home for months at a time in order to get away from his step-father." The jury also learned that Brewer "was diagnosed with scoliosis" when he was eleven years old, which required extensive surgery, three weeks in the hospital, and eight weeks in a body brace. Because this condition prevented him from "playing his beloved sports," he began "hanging out with 'stoners' and using drugs when he was about twelve years

old." Counsel also presented evidence that Albert, who had rejoined the family when Brewer was fifteen, was "mean, violent, and abusive" to Brewer and his mother. Albert nearly broke Brewer's nose with a piece of wood on one occasion, and Brewer beat Albert with a broom on another "to stop Albert from hurting" Brewer's mother. Following "the broom incident," Brewer moved cities to live with his grandmother and continued his drug and alcohol use. While with his grandmother, Brewer wrote a suicide note and was subsequently committed to a state hospital. The state court also found that Brewer's counsel presented mitigating evidence to show that Brewer had been an exemplary inmate in jail and for eighteen years on death row.

The habeas court concluded that the unoffered mitigating evidence would have been cumulative of the evidence already presented. *United States v. Bernard*, 762 F.3d 467, 476 (5th Cir. 2014) (citing *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064) ("A plea for 'more of the same' does not, in the circumstances of this case," show that counsel "were not functioning as counsel guaranteed to [petitioner] by the Sixth Amendment."). Thus, Brewer could not show how he was prejudiced by its absence. *See Howard v. Davis*, 959 F.3d 168, 173 (5th Cir. 2020) ("Cumulative testimony generally cannot be the basis" of an ineffective assistance of counsel claim.); *Norman v. Stephens*, 817 F.3d 226, 233 (5th Cir. 2016).

The district court approved the state court's implicit finding that counsel reasonably decided an expert mental health evaluation would have been unnecessary and even harmful to Brewer's case. The same sound strategy undergirding counsel's decision to forgo an expert examination on future dangerousness also supported the decision to refuse a mental health evaluation. Further, "[t]here is no suggestion in the record that Petitioner suffers from an intellectual disability or that he functions anywhere below the average range of intellectual functioning. Petitioner's mental-health records . . . introduced during his 2009 retrial showed no mental-health referrals

despite his suicide attempt." With regard to prejudice, the court emphasized that given the "graphic and grisly" testimony by Brewer and Nystrom, along with the state's other evidence, there is not a "substantial likelihood" that a mental health evaluation or additional evidence from Brewer's childhood would have influenced the jury's balancing of the aggravating and mitigating factors. *See Bernard*, 762 F.3d at 476.

Reasonable jurists could not debate the district court's conclusion that, as evidenced in extremely thorough opinions by the state court and magistrate judge, the state court reasonably applied *Strickland* in holding that trial counsel were not ineffective in preparing and presenting a mitigation defense.

## C. Prior Bad Acts

Brewer's final ineffective assistance claim is that his trial counsel failed to adequately investigate and rebut the state's evidence of his future dangerousness. Brewer presented a similar claim in his subsequent state habeas application, which the TCCA dismissed as an abuse of the writ without considering the merits. *Ex parte Brewer*, 2019 WL 5420444 (Tex. Crim. Ap. Oct. 23, 2019). Thus, this claim, or portions of it, are barred by the doctrine of procedural default. *See Ramirez*, 142 S. Ct. at 1732 ("[F]ederal courts generally decline to hear any federal claim that was not presented to the state courts consistent with [the State's] own procedural rules." (internal quotation marks omitted, alteration in original)). Nevertheless, the district court "cut straight to the merits to deny his claim," rather than decide whether Brewer could overcome his default. *Murphy v. Davis*, 901 F.3d 578, 589 n.4 (5th Cir. 2018).

The Supreme Court has held that constitutionally deficient assistance can take the form of failing "adequately to investigate the State's aggravating evidence, thereby foregoing critical opportunities to rebut the case in

aggravation." *Andrus v. Texas*, 140 S. Ct. 1875, 1881–82 (2020); *see also Rompilla v. Beard*, 545 U.S. 374, 385, 125 S. Ct. 2456, 2465 (2005). Brewer points to three "prior bad acts" from the state's aggravation case: (1) an assault against his high school girlfriend that dislocated three discs in her spine and temporarily paralyzed her arm; (2) an arrest for possessing a concealed knife in Florida; and (3) the assault against Albert with a broom handle, which left the man bleeding from the nose, mouth, and side of the head, and led to his hospitalization.[5] Had his 2009 counsel interviewed the witnesses supplying this testimony, argues Brewer, counsel would have been able to garner the evidence needed to undermine the state's case for future dangerousness. Brewer then would not have taken the stand.

Brewer supports this claim with six new declarations, including one by defense investigator Cowie, another by trial counsel Odiorne, and his own affidavit. All of these are barred under *Shinn v. Ramirez*. 142 S. Ct. at 1734 ("[U]nder § 2254(e)(2), a federal habeas court may not … consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel."). Further, several should be viewed with "extreme suspicion" for containing statements that are inconsistent with previous testimony. *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996).

The district court found that Brewer's counsel reasonably decided "to rely upon their interviews with him" and "on the sworn testimony of prosecution witnesses when deciding not to interview those witnesses prior to the 2009 trial." The court noted that these witnesses testified at Brewer's

---

[5] Brewer also alleges that his counsel failed to investigate a fight he had with a former inmate, in which Brewer threatened to shove a pencil in the man's eye. It does not appear that the state submitted any evidence of this fight at Brewer's 2009 trial. If so, Brewer's counsel cannot be faulted for failing to rebut aggravating evidence never seen by the jury. Regardless, the district court found that an interview with the inmate would not have softened the severity of Brewer's threat.

1991 trial and gave the same or very similar testimony at his 2009 trial, so the additional details that could have been gleaned from fresh interviews would have been minor. Taking them one by one, the district court found first that even if a new interview with Brewer's high school girlfriend revealed that the assault was out of character and that he did not intend to hurt her, the testimony of the severe injury he inflicted upon her would remain unchanged. Next, any new evidence gleaned from an interview with the alleged owner of the knife for which Brewer was arrested in Florida would have been cumulative. Similarly, the district court found that additional evidence of Albert's "violence and depravity" would have been cumulative.

The district court then emphasized that the state's case in aggravation was significantly stronger in 2009 than it was in 1991, given Nystrom's eyewitness account of the murder. The district court concluded that the decision to put Brewer on the stand to show the jury his remorse, empathy, and non-violence during incarceration, rather than to quibble with minor details of the prosecution's witnesses' testimony, was an eminently reasonable one.

"There are countless ways to provide effective assistance in any given case," and the district court concluded that Brewer's 2009 trial counsel found and employed one. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Reasonable jurists could not debate the district court's assessment of this claim.

For the foregoing reasons, Brewer's request for a COA is DENIED.